[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15408

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-60420 CV-STB

JAMES VENTURES, L.P.,
a Texas Limited Partnership,
by Robert Alpert its General Partner,

Plaintiff-Counter
Defendant-Appellee,

versus

TIMCO AVIATION SERVICES, INC.,
a Delaware Corporation,

Defendant-Third
Party Plaintiff-
Counter Claimant-Appellant,

THIRD PARTY DEFENDANT DALE BAKER,
LACY HARBER,

Defendants-Appellees,

ROBERT ALBERT, et al.,

Third-Party Defendants.

Appeal from the United States District Court
for the Southern District of Florida

(November 18, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judge, and MOODY,[*]
District Judge.

PER CURIAM:

TIMCO appeals the district court's denial of attorney's fees. After oral

argument and careful consideration, we conclude that the judgment of the district

court should be affirmed. We conclude that the district court correctly applied

Florida substantive law concerning the availability of attorney's fees. Arizona

conflicts of law rules apply because this case was originally filed in Arizona,

notwithstanding the transfer of the case to the Southern District of Florida

pursuant to 28 U.S.C. § 1404(a). Applying Arizona conflicts rules, the availability

of attorney's fees is substantive and the law to be applied is the law of the state

having the most significant relationship to the transaction and the parties. The

[*]Honorable James S. Moody, Jr., United States District Judge for the Middle District of
Florida, sitting by designation.

district court correctly applied this rule and correctly applied the law of Florida (as set out below).

The district court also correctly concluded that TIMCO was not entitled to attorney's fees under Fla. Stat. §57.105(7). TIMCO argues that it is entitled to fees on the basis of the reciprocity provisions of §57.105(7) and on the basis of the attorney's fees provision in the Kellstrom Note. TIMCO's argument lacks merit for several reasons. TIMCO was not a party to the Kellstrom Note. Moreover, even if TIMCO could be considered a guarantor of Kellstrom's obligations under the Note (a matter we need not decide), Florida law provides that a guarantor is not liable for attorney's fees absent a fee provision in the guaranty (which is not the case here) or unless the fee provision in the Note is sufficiently broad to cover a suit on the guaranty (which is also not the case here). Moreover, TIMCO's argument based on §57.105(7) fails for the additional reason that the Kellstrom Note provides that New York law applies.

The district court also correctly rejected TIMCO's effort to obtain attorney's fees based on TIMCO's offer of judgment. The district court correctly held that the offer of judgment was ambiguous, and was not sufficiently clear to enable James Ventures to make an informed decision. The offer of judgment provided for TIMCO's dismissal of all "counterclaims," but did not make sufficiently clear that

3

TIMCO's third-party claim against Alpert would be dismissed. That particular third-party claim was not conditional on TIMCO's having been found liable to James Ventures, and thus was not necessarily mooted by the dismissal of James Ventures' oral indemnification claim against TIMCO. Thus, even if James Ventures had accepted the offer of judgment, it was not sufficiently clear that James Ventures would not have faced further liability as a result of TIMCO's third-party claim against Alpert.[1]

Finally, TIMCO argues that it is entitled to attorney's fees on the basis of Florida's Wrongful Act Doctrine. However, TIMCO's initial brief on appeal failed to challenge one of the grounds on which the district court based its rejection of this argument (i.e. that attorney's fees under the Wrongful Act Doctrine are special damages that TIMCO failed to plead with specificity). Therefore, TIMCO's argument based on the Wrongful Act Doctrine is deemed abandoned.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[1] James Ventures could have been liable as a result of TIMCO's third-party claim against Alpert because Alpert was a general partner of James Ventures.